IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ILYA BRAUDE,
*Plaintiff*,

v.

Civil Action No. ELH-17-364

ALLA VILNYANSKAYA
*Defendant.*

**MEMORANDUM**

On February 8, 2017, Ilya Braude, plaintiff, brought suit against Alla Vilnyanskaya, the self-represented defendant, alleging claims of defamation and invasion of privacy – false light. ECF 4. Braude alleges that Vilnyanskaya, with whom he was previously in a relationship (*id.* ¶ 5), repeatedly made false claims in public places and also to Braude's former employer, claiming that Braude had sexually assaulted and otherwise abused her. *See, e.g.*, *id.* ¶¶ 14, 37. Vilnyanskaya moved to dismiss the Complaint on March 20, 2017. ECF 11. Braude responded in opposition on March 31, 2017 (ECF 16) and Vilnyanskaya replied on April 18, 2017. ECF 18.

On April 7, 2017, during the pendency of the motion to dismiss, Vilnyanskaya filed a "Motion for an appointment of council [sic]." ECF 17. By Order of April 11, 2017, I denied the motion. ECF 20. But, *sua sponte*, I stayed the case for thirty days to provide defendant with time to seek counsel. *Id.* On April 19, 2017, defendant filed a motion for reconsideration of my decision to deny her motion to appoint counsel. ECF 21. By Order of April 21, 2017, I denied, without prejudice, the motion for reconsideration. ECF 23.

On May 10, 2017, Mark Sobel, Esq., entered his appearance on behalf of Vilnyanskaya. In light of Mr. Sobel's entry of appearance, by Order of May 12, 2017, I denied defendant's

motion to dismiss (ECF 11), without prejudice, and provided time for counsel to answer or move to dismiss the Complaint, consistent with Fed. R. Civ. P. 12. ECF 27.

But, later on May 12, 2017, Mr. Sobel moved to withdraw as counsel (ECF 28), stating that Vilnyanskaya had discharged him and instructed him not to contact her. ECF 28. Then, on May 15, 2017, defendant filed a notice of dismissal of Mr. Sobel. ECF 29.[1]

On May 15, 2017, the Clerk docketed several motions from Vilnyanskaya: a "Motion for Reconsideration of Defendant's Motion for Appointment of Council [sic]" (ECF 30, "Motion for Reconsideration"); a "Motion for the sealing of documents related to the case" (ECF 31, "Motion to Seal"); a "Motion for a Change of Venue" (ECF 32); and a "Motion to Request a Hearing" (ECF 34) (collectively, "Motion").[2]

No hearing is necessary to resolve the Motions. *See* Local Rule 105.6. For the reasons that follow, I shall deny each of the motions, without prejudice.

## I.     Motion for Reconsideration

In her Motion for Reconsideration (ECF 30), Vilnyanskaya asks the Court reconsider its prior rulings (ECF 20; ECF 23) denying her requests to appoint counsel, pursuant to 28 U.S.C. § 1915(e)(1).

In my Orders of April 11, 2017 (ECF 20) and April 21, 2017 (ECF 23), I explained that a federal district court's power to appoint counsel in civil actions under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an *indigent* claimant presents *exceptional circumstances*. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a

---

[1] In view of the filing of the Notice of Dismissal by defendant, I shall grant ECF 28.

[2] Defendant also filed a "Motion requesting no documents submitted by Defendant's mother to be reviewed by the court and to be stricken from the record." ECF 33. I granted ECF 33 by Order of May 15, 2017. ECF 36.

particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989).

Because defendant had failed to provide sufficient evidence of indigency, in my Order of April 21, 2017 (ECF 23), I stated that, if she wanted to renew her request for the appointment of counsel, she must complete an "Application to Proceed in District Court Without Prepaying Fees or Costs" ("Form"). *Id.* I also directed the Clerk to mail a copy of the Form to defendant. Although I noted that the Form is ordinarily used by pro se *plaintiffs*, I explained that the information required by the Form would be pertinent in assessing defendant's financial situation. *Id.* Vilnyanskaya did not provide a copy of the Form with her Motion for Reconsideration. *See* ECF 30.

Moreover, in ECF 23, I explained, *id.* at 3:

The appointment of counsel would require an attorney admitted to practice in this Court to provide legal services in a civil case, without compensation for his or her efforts. Before the Court requires an attorney to provide free legal services to the defendant, she should attempt to obtain legal representation from one of the several community organizations that provide such services.

Although Vilnyanskaya states that she contacted several entities in the greater Baltimore area that provide pro bono legal services, without success, defendant does not explain how she was able to retain Mr. Sobel. Nor does she offer any explanation for why she immediately discharged him. *See* ECF 29; ECF 30. Moreover, Vilnyanskaya did not dispute the claim of Michael J. Harper, Esq., a Pennsylvania attorney who represents defendant's mother, to the effect that defendant had previously retained, and then immediately discharged, an attorney in New York. *See* ECF 23 at 3-4.

Ms. Vilnyanskaya asks the Court to require an attorney in this District to make a substantial sacrifice on her behalf, but she has not complied with the *de minimis* requests of the Court. In light of defendant's failure to complete the Form and her unexplained hiring and immediate discharge of at least one attorney, I shall deny the Motion for Reconsideration (ECF 30), without prejudice. Should Vilnyanskaya again renew her motion to appoint counsel, she must provide the Court with a completed copy of the Form, and detail the efforts she has made to obtain pro bono or retained counsel.

## II. Motion to Seal

In her Motion to Seal (ECF 31), Vilnyanskaya asks the Court to seal all of the files in this case. *Id.* According to Vilnyanskaya, sealing the entire case is necessary "due to the controversial and personal nature of the material which has been presented." *Id.* She also states that she has a medical condition that is "exacerbated by stress . . . and it would be important for the effective proceedings of this case for the documents to be free from public view." *Id.*

The common law presumes the public and press have a qualified right to inspect all judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). The common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

The common law right of access is buttressed by a "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, but is more demanding of public disclosure. *Rushford*, 846 F.2d at 253. If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). "When presented with a sealing request, our right-of-access jurisprudence requires that a district court first 'determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'" *Doe*, 749 F.3d at 266 (4th Cir. 2014) (quoting *Stone*, 855 F.2d at 181).

In addition, motions to seal in this District are governed by Local Rule 105.11, which provides, in pertinent part:

> Any motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection.

To be sure, "sensitive medical or personal identification information may be sealed." *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011); *see also Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming the sealing of "confidential, proprietary, commercial, or financial data" produced under a protective order). But, defendant has not presented sufficient cause to seal the entirety of the case. The mere fact that records may be controversial, personal, or embarrassing does not alone justify sealing those records from public inspection. *See, e.g.*, *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

Here, even if there are some documents that warrant sealing, defendant's request to seal the entire case is overbroad. Notably, defendant has not identified any particular document that requires sealing. *See* ECF 31; *see also* Local Rule 105.11.

Therefore, I shall deny the Motion to Seal, without prejudice to defendant's right to refile the Motion. If defendant chooses to renew her Motion to Seal, she must comply with the requirements of Local Rule 105.11, identify specific documents that she would like sealed or redacted, and explain why sealing or redaction is necessary.

### III. Motion for Change of Venue

Defendant has also filed a Motion for a Change of Venue. ECF 32. In ECF 32, Vilnyanskaya states that her relationship with plaintiff occurred in Philadelphia, and that she has never directly communicated with plaintiff in Maryland. *Id.* Vilnyanskaya also states that she "is suffering from health issues, which would make it extremely difficult to travel to Maryland and to find council [sic] there." *Id.*

However, in her Motion for Change of Venue, defendant does not state in which district she would prefer to litigate the case. *See id.* Nor does defendant explain whether she is seeking a transfer of venue for convenience (*see* 28 U.S.C. § 1404) or because she believes that the District of Maryland is an improper venue for the action. *See* 28 U.S.C. §§ 1391, 1406.

In view of these defects, I shall deny the Motion for Change of Venue (ECF 32), without prejudice to defendant's right to refile.

### IV. Motion to Request a Hearing

Finally, Vilnyanskaya has moved for the Court to hold a hearing so that she may be able to "present her side of the story." ECF 34. She also requests the court to "foster an arbitration, and/or some kind of opportunity for a third party to intervene in said case so that it may be heard." *Id.*

Local Rule 105.6, titled "Hearings", provides in pertinent part, *id.*: "Unless otherwise ordered by the Court, . . . all motions shall be decided on the memoranda without a hearing." In my view, no hearing in the case is required at this time because a hearing would not aid the Court in the resolution of any of the pending motions. Thus, I will deny the Motion to Request a Hearing, without prejudice.

Defendant will have the opportunity to present her version of events as the litigation progresses. She may also request hearings on future motions, consistent with Local Rule 105.6. And, should the case reach trial, defendant will have the opportunity to call witnesses and present evidence.

In the meantime, I shall refer the case to a United States Magistrate Judge for the purpose of a settlement conference. *See* Local Rule 607. The magistrate judge may appoint counsel for defendant limited to representation in connection with the settlement conference, if appropriate.

### V. Conclusion

In view of the foregoing, I shall deny the Motions (ECF 30; ECF 31; ECF 32; ECF 34), without prejudice.

Moreover, in light of defendant's notice of dismissal of Mr. Sobel and my granting Mr. Sobel's motion to withdraw (ECF 28), defendant is advised that the Court deems her to be proceeding without counsel until such time that new counsel enters an appearance. *See* Local

Rule 101.2(a). Accordingly, consistent with ECF 27, by June 1, 2017, plaintiff must answer the Complaint or otherwise move to dismiss.

An Order follows, consistent with this Memorandum.

Date:   May 17, 2017                                             /s/
                                                        Ellen L. Hollander
                                                        United States District Judge